1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

10

**SOUTHERN DISTRICT OF CALIFORNIA**

11

12  SAMUEL and DANA KUOHA,                          CASE NO. 09cv1100 WQH (WMc)

13                                     Plaintiffs,     **ORDER**

        vs.
14  EQUIFIRST CORPORATION;
    HOMECOMINGS FINANCIAL; ETS
15  SERVICES, LLC; and DOES 1-10,

16                                     Defendants.

17  HAYES, Judge:

18          The matters before the Court are the Motions to Dismiss filed by all Defendants.  (Doc.

19  # 9, 10).

20  **I.      Background**

21          On May 20, 2009, Plaintiffs, proceeding pro se, initiated this action by filing a

22  "Complaint and Request for Original Promissory Note of Real Property Located at 9739

23  Towne Lane, El Cajon, CA [92021], APN# 396-012-14; Violation of GAAP, RESPA, TILA

24  and UCC; The Fair Debt Collection Practices Act; Wrongful Eviction; Points and Authorities

25  in Support of Complaint Request with Fraud and Intent to Defraud" ("Complaint").  (Doc. #

26  1).  The Complaint alleges that "[o]n or about 12/15/05, [Plaintffs] applied and were granted

27  a Mortgage for the property located at 9739 Towne Lane, El Cajon, CA ..., and signed a

28  'Promissory Note' ... for $671,500.00 from Equifirst Corporation; which was used to pay off

1  and secure the ... 'property' in dispute." (Compl., Doc. # 1, at 4). The Complaint alleges,

2  among other things, that "Defendants do not have proof of ownership of [the] property" (*id.*

3  at 2), "Plaintiff(s) was not sent a Declaration [p]ursuant to California Code section 2923.5(c)

4  by [Defendants]..." (*id.* at 4), and the loan is "null and void" because "[t]he transaction that

5  took place was merely a change of currency (without authorization)," and therefore, "[t]he

6  bank never made the loan" (*id.* at 10, 11). The Complaint further alleges: "This court has an

7  obligation to sign the order to stop the trustee sale on the subject property in the interest of

8  justice as the Plaintiff has attempted to resolve this with the alleged mortgage holder to no

9  avail and therefore is filing this suit to recover requested property under GAAP, TILA,

10  RESPA, and CUCC." (*Id*. at 42).

11  On July 16, 2009, Defendant Equifirst Corporation filed a Motion to Dismiss Plaintiff's

12  Complaint (Doc. # 9), and Defendants Homecomings Financial and ETS Services, LLC filed

13  a Motion to Dismiss Under Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. # 10)

14  (collectively, "Motions to Dismiss"). On September 2, 2009, Plaintiffs filed an opposition to

15  the Motions to Dismiss (Doc. # 17), and on September 10 and 11, 2009, Defendants filed

16  replies (Doc. # 19, 20).

17  **II.    Standard of Review**

18  Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim

19  upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6)

20  is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support

21  a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

22  1990).

23  To sufficiently state a claim to relief and survive a Rule 12(b)(6) motion, a complaint

24  "does not need detailed factual allegations" but the "[f]actual allegations must be enough to

25  raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

26  555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

27  requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

28  of action will not do." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to

dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1950 (2009).  However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 683 (9th Cir. 2009) ("Plaintiffs' general statement that Wal-Mart exercised control over their day-to-day employment is a conclusion, not a factual allegation stated with any specificity. We need not accept Plaintiffs' unwarranted conclusion in reviewing a motion to dismiss.").  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

Pro se complaints are held to a less stringent standard than formal pleadings by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A pro se plaintiff's complaint must be construed liberally to determine whether a claim has been stated.  *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001).  "Although a pro se litigant ... may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *See Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).  When dismissing a pro se complaint for failure to state a claim, "the district court must give the plaintiff a statement of the complaint's deficiencies." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623-24 (9th Cir. 1988).

## III.    Discussion

### A.    Failure to Comply With the Rules of Pleading

"Although [courts] construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure." *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

Federal Rule of Civil Procedure 8(a) provides:

A pleading that states a claim for relief must contain:
(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).  Rule 8(d) provides that "[e]ach allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  Rule 10(b) provides: "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  In order to comply with Rule 8(a)(2), "a pleading must give fair notice and state the elements of the claim plainly and succinctly."  *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (quotation omitted). "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit.... Rule 8[(d)], requiring each averment of a pleading to be 'simple, concise, and direct,' applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)."  *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (citing *Nevijel v. Northcoast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981); *Von Poppenheim v. Portland Boxing & Wrestling Comm'n*, 442 F.2d 1047, 1053 n.4 (9th Cir. 1971)).

If the complaint alleges fraud, as Plaintiff's Complaint does in this case, Federal Rule of Civil Procedure 9(b) requires that the complaint "must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  Rule 9(b) "requires ... an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations."  *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quotation omitted); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (averments of fraud must be accompanied by "the who, what, when, where, and how of the misconduct charged") (citation and quotation omitted).  "[I]n order for a complaint to allege fraud with the requisite particularity, a plaintiff must set forth more than the neutral facts necessary to identify the transaction.  The plaintiff must set forth what is false or misleading about a statement, and why it is false.  In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading."  *Yourish v. California Amplifier*, 191 F.3d 983, 992-93 (9th Cir. 1999) (quotations omitted).

Even construing Plaintiff's Complaint liberally, the Complaint fails to comply with the

requirements of Rules 8, 9(b) and 10(b).  The Complaint contains 45 pages of disorganized legal theories and citations.  Despite its length, the Complaint contains insufficient factual allegations to give Defendants fair notice of Plaintiffs' claims.  For this reason, the Complaint must be dismissed in its entirety.

### B.  Claims in the Complaint

#### 1.  Federal Statutes

The Complaint makes conclusory references to a number of federal statutes, including: the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA"), the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.* ("RESPA"), and the Truth in Lending Act, 15 U.S.C. §§ 1601, *et seq.* ("TILA").  (Compl., Doc. # 1, at 1-3, 12, 42).

##### a.  FDCPA

The Complaint appears to allege that non-judicial foreclosure of the property violates the FDCPA.  "The FDCPA makes it unlawful for debt collectors to use abusive tactics while collecting debts for others."  *Gentsch v. Ownit Mortg. Solutions Inc.*, No. CV F 09-649, 2009 U.S. Dist. LEXIS 45163, 2009 WL 1390843, at *7 (E.D. Cal., May 14, 2009) (citation omitted).  The FDCPA defines a debt collector as "any person ... who regularly collects or attempts to collect ... debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  A "debt collector" does not include a person who collects or attempts to collect a debt "to the extent such activity ... concerns a debt which was not in default at the time it was obtained by such person."  15 U.S.C.1962a(6)(F).  "The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned."  *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985); *see also Gentsch*, 2009 WL 1390843, at *7 (same).  Additionally, "foreclosing on the property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA."  *Hulse v. Ocwen Fed. Bank, FSB*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002); *see also Gentsch*, 2009 WL 1390843, at *7 (same).

The Complaint does not contain sufficient factual allegations to show that any

Defendant is a "debt collector" or has engaged in the "collection of a debt" within the meaning of the FDCPA.  The Complaint fails to state a FDCPA claim.

### b.      RESPA and TILA

The limitations period for a RESPA claim and a TILA claim is either one year or three years from the closing of the loan, depending upon the specific provision alleged to have been violated.  *See* 12 U.S.C. § 2614 (RESPA); 15 U.S.C. § 1640(e) (TILA); *see also King v. California*, 784 F.2d 910, 915 (9th Cir. 1986).  The Complaint alleges that the loan at issue closed "[o]n or about" December 15, 2005. (Compl., Doc. # 1, at 4).  The Complaint was filed on May 20, 2009, over three years after the loan closed.  (Doc. # 1).  The Complaint does not allege sufficient facts indicating that the doctrine of equitable tolling should suspend the limitations period. *Cf. King*, 784 F.2d at 915.  Based upon the allegations of the Complaint, any RESPA and TILA claims would be barred by the applicable statute of limitations.

### 2.      "Proof of Ownership"

The Complaint alleges that "Defendants do not have proof of ownership of [the] property," and "Plaintiff(s) is requesting as to who has the original signed, and sealed Promissory Note executed by Plaintiff in reference to the 'property' and this must be answered."  (Compl., Doc. # 1, at 2, 6).  Plaintiffs' apparent claim is that foreclosure is unavailable in absence of possession of the original promissory note. *See id.*, at 7; *see also Gentsch*, 2009 WL 1390843, at *5 (summarizing the same allegations).

Non-judicial foreclosure is governed by California Civil Code §§ 2924-2924l.  *See Nguyen v. Calhoun*, 105 Cal. App. 4th 428, 440 (2003).  "Under Civil Code section 2924, no party needs to physically possess the promissory note." *Sicairos v. NDEX West, LLC*, No. 08cv2014, 2009 WL 385855, *3 (S.D. Cal., Feb. 13, 2009) (citing Cal. Civ. Code, § 2924(a)(1)); *see also Bouyer v. Countrywide Bank, FSB*, No. C 08-5583, 2009 U.S. Dist. LEXIS 53940, at *24 (N.D. Cal., June 25, 2009) ("[P]ossession of the original note is not a prerequisite to foreclosure."); *Gentsch*, 2009 WL 1390843, at *6 (same); *Gamboa v. Trustee Corps.*, 2009 U.S. Dist. LEXIS 19613, 2009 WL 656285 at *4 (N.D. Cal., Mar. 12, 2009) (same).  Based upon the allegations in the Complaint, this "proof of ownership" claim "fails

1    as meritless." *Gentsch*, 2009 WL 1390843, at *6.

2                    **3.      California Civil Code § 2923.5**

3          Section 2923.5(a) requires a "mortgagee, beneficiary or authorized agent" to "contact

4    the borrower in person or by telephone in order to assess the borrower's financial situation and

5    explore options for the borrower to avoid foreclosure." Cal. Civ. Code § 2923.5(a)(2). Section

6    2923.5(b) requires a default notice to include a declaration "from the mortgagee, beneficiary,

7    or authorized agent" of compliance with section 2923.5, including attempt "with due diligence

8    to contact the borrower as required by this section." Cal. Civ. Code § 2923.5(b).

9          The Complaint alleges that "Plaintiff(s) was not sent a Declaration Pursuant to

10   California Code section 2923.5 ... by [Defendants]...." (Compl., Doc. # 1, at 4). However, the

11   Complaint also alleges, "The Defendant(s)' by sending to Plaintiff(s) various papers and the

12   alleged contacts made by specific entities stating that there would be a possible solution...."

13   (*Id.*, at 5). Defendant Equifirst submits a copy of a notice of default and declaration, which

14   references Plaintiffs' deed of trust, and which was filed with the San Diego County Recorder's

15   Office on January 2, 2009. (Def. Equifirst Corporation's Request for Judicial Notice, Ex B,

16   Doc. 9-6).[1] The declaration states: "The undersigned declares that the beneficiary ... has

17   declared that they have complied with California Civil Code Section 2923.5 by making contact

18   with the borrower or tried with due diligence to contact the borrower as required by California

19   Civil Code Section 2923.5." (*Id.*, at 2).

20         Moreover, "[s]ection 2923.5 requires only contacts or attempted contacts to 'assess the

21   borrower's financial situation and explore options for the borrower to avoid foreclosure.'"

22   *Gentsch*, 2009 WL 1390843, at *6 (quoting Cal. Civ. Code, § 2923.5(a)(2)). The Complaint

23   can state "no cognizable claim that [any Defendant] was required to modify [Plaintiffs]' loans

24   in that Section 2923.5 imposes no such mandate." *Id.*; *see also Anaya v. Advisors Lending

25   Group*, No. CV F 09-1191, 2009 WL 2424037, at *8 (E.D. Cal., Aug. 5, 2009) ("[T]he

26   _____

27         [1] The Court takes judicial notice of documents which were filed with the San Diego
     County Recorder's Office. *See Mack v. South Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282
28   (9th Cir. 1986) ("[O]n a motion to dismiss, a court may properly look beyond the complaint
     to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for
     summary judgment.").

statutory language [of § 2923.5] does not require an offer or an acceptance of a modification of a loan.  The statute does not require a lender to accept a loan modification.  Further, there is no private right of action.") (citation omitted).

### 4.     "The bank never made the loan"

The Complaint appears to allege that "[t]he bank never made the loan" because Plaintiff did not receive the loan amount in "legal tender."  (Compl., Doc. # 1, at 11; *see also id.*, at 10-11, 23).  The Court finds that these allegations fail to state a claim upon which relief can be granted.  *See Gentsch*, 2009 WL 1390843, at *5 (citing *Rene v. Citibank NA*, 32 F. Supp. 2d 539, 544 (E.D.N.Y. 1999) ("[T]here is no requirement that a loan must be made with legal tender before a court will deem it valid."); *Thiel v. First Fed. Sav. & Loan Ass'n of Marion*, 646 F. Supp. 592, 595 (N.D. Ind. 1986) ("Reasoning on the most fundamental level, a level which requires more common sense than legal acumen, plaintiffs' theory is absurd.  A check issued by a mortgagee need not be 'legal tender' for the loan to be valid.")).

## IV.   Conclusion

IT IS HEREBY ORDERED that the Motions to Dismiss are **GRANTED**.  (Doc. # 9, 10).  The Complaint is **DISMISSED** without prejudice.

DATED:  October 7, 2009

*William Q. Hayes*
_____
**WILLIAM Q. HAYES**
United States District Judge